Please all rise. Hear ye, hear ye, this Honorable Appellate Court for the Second Judicial District is now back in session. The Honorable Robert A. McLaren presides. Please be seated. Your Honors, the second case in the docket this morning is 2-25-0054. Nikki Skarbek, plaintiff's appellant. The Woodman's Food Market, Inc. Are you able to get the appellant? Ms. Lynn Jack. Are you able to get the appellant? Mr. Adam S. Shaw. Ms. Skarbek, you may proceed. Good morning, Your Honors. Again, for the record, my name is Lynn Dowd, and I represent the appellant Nikki Skarbek. May it please the Court. Before the Court today, I submit as a very straightforward issue, namely, whether the circuit court clerk could legally have rejected the plaintiff's otherwise timely filed complaint for lack of a Rule 222B affidavit. And as we know, she did, and therefore the plaintiff's entire cause of action was deemed untimely and was dismissed. I know the Court has read the briefs, of course, but just to highlight... That's the underlying issue. We're supposed to be reviewing whether or not what the trial court did was an abuse of discretion, or erroneous as a matter of law. So my major concern is whether or not this was a misinterpretation of the law that would constitute an abuse of discretion. So if you could frame your argument that way, it would be easier for me to understand and come to a conclusion. Thank you, Your Honor, for that correction. And I do stand corrected. The seminal issue is whether the circuit court correctly dismissed the cause of action on statute of limitations grounds. And the underlying trigger for that was the factual occurrence with respect to the circuit court clerk having rejected the complaint. Now, with respect to the applicable standard of review, we submit, because this presents a legal issue, that the Court should review this de novo. And the legal issue that I submit we're presenting is whether the Rule 222B affidavit even applied in this case, which, again, was the underlying factual trigger that caused the complaint to be file stamped outside the statute of limitations. With respect to the second part of the case, where the plaintiff appealed to the Court to correct this under Rule 9's good cause provision, we submit that would give rise to the abuse of discretion standard. And, again, we submit that the trial court did abuse its discretion in that regard for not allowing the complaint to be corrected and timely filed. So I'd like to focus first on the legal issue presented for this Court's review, namely whether the Rule 222B affidavit even applied to this complaint. And we submit that it doesn't for three reasons. Under the plain language of the rule, it states that if a cause of action exceeds 50, is for less than $50,000 in jurisdiction, the affidavit is required. Logically, if it doesn't, the affidavit is not required. And there's two appellate court decisions that state that clearly. The first being out of the first district, the Dovalina decision, that says that Rule 222B is, quote, clearly inapplicable, close quote, to cases seeking more than $50,000 in damages. And in that decision, the appellate court said that the amount in controversy can be shown by the affidavit or the ad damnum in the complaint. And we have that here. There's additional evidence that this plaintiff was seeking in excess of $50,000, and that is where the complaint was filed. It was filed in the LM Division of Lake County, which only accepts cases seeking more than $50,000. Is your argument essentially there's more than one way to skin a cat? Perhaps, although I love cats. Well, you referred to the section and said that you can skin the cat that way. Or you can, in your ad damnum clause, skin it that way. So are there any other skinnings that might take place other than those two? Yes. And, well, according to the appellate court decisions, no. I mean, the appellate court decisions clearly said those are the two skinnings. But they do discuss other evidence, and that's relevant with respect to whether the plaintiff sustained any prejudice and didn't know that the party was seeking in excess of $50,000. And that has to do with one where the complaint was filed. In Doverlean, it was filed in the Law Division of Cook County. Here it was filed in the, I think it's the Law Magistrate Division, if that's what the LM stands for. But also here, we uniquely have the whole first cause of action, the original cause of action, that was litigated quite extensively. There was a lot of discovery. It went through summary judgment. The case survived summary judgment. So in this case, the defendant cannot assert credibly that they did not know that this was a lawsuit seeking in excess of $50,000. What was the rationale that the clerk gave for why this was a sine qua non? In this case? Yes. Well, the clerk. It was something to the effect, correct me if I'm wrong, that there had to be an affidavit. And if there wasn't an affidavit, then it was not an appropriate condition to be filed. That is correct. That is the fact of the matter. And it had to be filed timely. That is the clerk's position. And our position, respectfully, is based on the law. But for the changes with the electronic filing position, back in the paper days, which I was fortunate to have experienced, complaints were filed when tendered. And the clerks had absolutely no authority to reject complaints. So here, under the then applicable Rule 9, it does reference that if a clerk rejects a filing, but there are no reasons for that. I mean, it implies some authority. And, you know, to what end can a clerk versus a judge determine that a complaint and a cause of action is legally insufficient remains unknown. Let me ask you this question. What is the primary purpose of Rule 222? Your Honor, the primary purpose can be found in its caption, quote, Rule 222, Limited and Simplified Discovery in Cases. It is an administrative rule designed to trigger whether or not for those cases seeking less than $50,000, if the simplified rules of discovery will apply. Nothing in the content of the rule indicates that it was intended to be a barrier to the courthouse doors. Even absent this case, even if a Rule 222 were filed late, how is that detrimental? How is what, Your Honor? How is it detrimental? Or is it detrimental if it's filed a few days late after a complaint? I submit that it's not. I mean, the entire framework of our jurisprudence system is to ensure an adjudication on the merits with respect to a cause of action and to allow a valid defense to be adjudicated. We have all kinds of procedural remedies to cure defects. And I submit that's where the amended Rule 9, even though it doesn't apply, it's relevant to show our Supreme Court's intent that this should not have happened. In Rule 9, which according to the amici curiae, and, you know, they're the two of the finest lawyers in the state, one representing the plaintiff's trial bar, the other representing the defense trial bar, in their brief they've delineated the history of the rule and that it has been amended nine times, I believe. That's a good point. I mean, the fact that the Supreme Court didn't amend Rule 222 after the Dovelina case, does that say anything to you? Yes. I mean, you know, it's a constant question. I mean, well, why the Supreme Court acts or doesn't act remains a mystery, and what case triggers action is also a mystery. But we do know, I mean, as a good advocate I would certainly suggest that Dovelina and the Supreme Court not amending it, well, indicates that it concurred with Dovelina and the appellate court. I mean, there's some imprimatur of approval perhaps by its silence. But this Court also, as this Court knows, the Commercial Bank decision, which is an unpublished decision and we've only cited it as permitted under Rule 23, this Court also said that the rule does not apply to cases seeking less or seeking more than $50,000. And, you know, the Court in that decision, this Court said the drafters of the rule did not intend absurd or unjust results. And so here when we have what I said is a technical deficiency, not a substantive deficiency, because, again, we know how much was at issue, it is certainly something that could have been cured and it would be an unjust result to completely bar the plaintiff from the courthouse doors over something like this. Can I ask you a question, though? Yes. I mean, in these types of cases, there are almost always, I don't know if you just used the word technicality, I know it's been used in the record and so forth, but there are always, at least to my eye, little things that, little errors that are made that result in the rejection. Nonetheless, you know, these technicalities, and I, you know, you say this one should not be a bar, so let's set that aside. But some of the other technicalities that have gotten people, people's complaints rejected, how do we get around the trial court's discretion? I mean, we have these little rules. We expect people to follow them. There is a format, and I guess, you know, in olden days, you could just come up and hand it over here with the electronic filing in order to get the benefit of that. I guess there's a lot of technology or there's reasons why we need to know the ARDC number of the lawyer, you know, which is one of those cases in the past. The bottom line is, if the trial court's ruling on the 9D motion or the Rule 9 motion is a discretionary one, how do we get around that? Okay. Thank you, Your Honor. Your Honor, I think several things I'd like to state in response. First of all, again, first and foremost, we submit that the court erred as a matter of law in upholding a statute of limitations defense when there was an attempt to cure this 222F affidavit requirement because the legal issues, it didn't even apply to the case. So that I submit is a legal error. With respect to discretion and Rule 9's good cause, you know, one thing I tell my children when it comes to errors, everyone can't be perfect like me. And as a practicing attorney, we make errors. Preparing for today, reading my briefs, I found some typographical errors. Try as you might to have perfection. It just happens. Errors are errors, and I submit, as the amici cure I did, they can never satisfy a good cause requirement because by definition they're errors. It's not a case of where there's client neglect of a file. We don't have to go through a 2-1401 analysis where there's four elements and there's a lot of discretion there looking at the reasons. Maybe the attorney had an alcohol problem or was sick or suffering from cancer. I mean, all kinds of things could have contributed to those attorney errors. Ms. Dowd, don't we limit the amount of errors we commit as lawyers if we are a little more timely as opposed to waiting the day before to file your complaint? In theory. I mean, I try to get my briefs in early the day before, and quite frankly, the clerks, God bless them, I get briefs rejected and they tell me after 40 years what I've still missed, and I have time to correct it. So we appreciate that that all happens. I mean, should that come into our evaluation of good cause? I would submit not, and I know there are decisions that say it does, and it seems like attorneys working up to the 11th hour, which, you know, we've all been there, that's never by choice, it's by necessity. God bless them, but errors happen, and there is a deadline, and if you meet the deadline, you've met the deadline. But it seems like if you're doing something in the 11th hour, it's turned out in the published decisions to be a death sentence for an attorney. So as an advocate, I would hope the courts would not be so harsh in their rulings, because here we still had the filing a day before the statute of limitations ran, but given the procedures of the court, and we all know they inundated with hundreds and thousands of filings, counsel didn't even hear about the error until the day after the statute of limitations ran, and it could have been easily cured, easily. But the complaint was filed prior to the statute of limitations. Yes, it was filed a day prior to the statute. It wasn't filed at 11.59 p.m., as some of them are so close to the filing. And I know the court's frustration. I mean, nobody's undermining the court's frustration with things coming in late and there being problems. But again, the reality here is we have a good faith error. We have a rule that should have never been applied by a clerk, and again, they're trying to do the best of their jobs. You know, they're making judgments, but again, if the clerks are passing on the Supreme Court and local rules as to deficiencies in complaints, to what end are they going to do that? Do they have the jurisdiction to read the complaint and say you failed to allege venue or you've got an improper venue or that you failed to comply with the 2-603 pleading requirements? I mean, an affidavit was something that was easily tagged and kicked out an entire cause of action. So I see my time is running out. For all the reasons that we've articulated today and in our brief, we would most respectfully request a reversal unless there's any questions. Well, I was going to ask, I mean, how do we let you've invoked the rule change, you know, where within five days I'm going to assume you would have made it. How do we use that to review Judge Barones' decision on good cause, a discretionary one, back in 2024? How do we import that into our analysis on, you know, abuse of discretion? No reasonable person would have agreed with him. Well, the amended rule obviously renders the situation moot. And so the good cause, again, I think there are other sitting judges and, you know, the underlying arguments indicate that this didn't happen in other counties, that people have submitted filings without the affidavit. So the law needs to be consistent. And, you know, the sitting judge, he made his call, he did the best he could. But I think under the circumstances when it's an error that could have been easily corrected, but for the timing that the court did abuse its discretion in allowing an unjust result to have happened here. And this court, we all know, has its own inherent equitable jurisdiction and powers under Rule 183 to give this case a just outcome. Thank you. I have a question. Yes, sir. Dobolino, I believe, was decided in 2013, which I believe, unless I'm very forgetful, electronic filing didn't exist in 2013. And so in that context, Dobolino is only educational or meaningful relative to its time. And it doesn't necessarily relate to this time, which is electronic filing. And so assuming the rationale, the ratio of dissidentity in Dobolino, what is your position relative to what, in the context of today's electronic filing, Dobolino would result in what? It should result in a reversal, and I will give you two reasons why. The electronic filing came about in 2017. In 2013, the legal issue was still whether the 222B affidavit was required. That rule of law hasn't changed. But also with respect to the context of the electronic filing, technology in the electronic filing was supposed to facilitate the administration of justice, not undermine it. And I submit that's what happened here. Thank you all for your very kind attention, unless there's any other questions. I have no other questions. Does anybody? No. Okay. Thank you. You'll have an opportunity to make rebuttal. Thank you. Mr. Lang or Long? Long.  You may proceed, sir. Thank you, and good morning. Again, my name is Adam Long. I'm here on behalf of Woodman's Food Markets, the appellate, and I appreciate your time. So may it please the court. This court, the second district, set a high bar for analyzing these Rule 9D motions in the Kilpatrick case. And it is an abuse of discretion whether or not the trial court did what could or should have been done, and it followed the Kilpatrick case. The Kilpatrick case addresses a couple of points that were made by the appellate. One of them is the Kilpatrick case took issue with the concept of considering the substantive effect of the error. The court specifically noted that if we focus on whether or not this error would have ultimately impacted the final outcome, well then we'd have to look at all of these errors that could come along, and we'd just have to ignore them if they wouldn't impact the final result of the case. Looking at Kilpatrick, it was the failure to cite his ARDC number. Looking at Rule 9, the current version says it is appropriate to reject a filing that has the wrong document size. That has no impact on filing ruling. It is appropriate under the Brutani case and current Rule 9 to reject a filing if you have one document broken up into two PDFs, two documents submitted as one PDF. Again, these are all issues that don't impact the final outcome. What the courts are ruling, including the Second District, is that there are requirements for filing. The clerk does have the right to reject them. But there are comments. There are comments following Illinois Supreme Court Rule 9H, and in those comments, they say the reason they are talking about rejection by the clerk, and they say the reasons should be used in rare circumstances, only when none of the above specified reasons are applicable. Include a detailed comment detailing the issue and how the error can be corrected. I mean, in this case, where is the prejudice to the plaintiff if they don't get the Rule 222 affidavit with the complaint when the complaint states it's over 50,000 and they see that it's filed in the law division? Where is the prejudice? Your Honor, it will ultimately probably not result in a prejudice at the end of a ‑‑ at the conclusion of a trial. But looking at ‑‑ And how does it result in prejudice at the time of filing if defense in this case doesn't have a Rule 222 affidavit? They know it's going to be in the law division because that's where it was filed. They know it's going to be over $50,000 because that's what they asked for. So where is the prejudice? And at this point, it's not even ‑‑ it's just filed, so defense probably didn't even get it by the time the clerk decides she's going to strike it because it doesn't have the Rule 222. How is it prejudicial? And does it conflict with the purpose of Rule 222? What's the purpose of the Rule? Rule 222 is ‑‑ It's a discovery rule. It's a discovery rule to advise the court and the parties which track and where the case is going. So you know that. You know which track, you know which way the case is going. Why is it so detrimental to not have that Rule 222 filed at the time of the filing of the complaint? Your Honor, I'm arguing that it is detrimental. We are arguing that it is an appropriate reason for rejecting, no different than the other reasons for rejection that also probably would not prejudice a defendant. May I interrupt because I think you're right there? But I'm asking you the same question I ask your opponent, which is whether and how we should consider the Supreme Court's amendment. I think it's June 10, 2025. Correct. That would have forgiven this error and it would have been okay. Whether and how do we take that into account as we consider whether Judge Baronis abused his discretion in, was it August 2024 when the motion was? Correct. Respectfully, Your Honor, I don't think we can consider the new amendment. And I believe that issue was addressed by the Fifth Division in the Homewood case that was supplemented to the record by the appellant. Specifically noted in that decision that was provided by the appellant, they addressed the issue of whether or not the amendments could be viewed retroactively to the rejected filing in that case. And ultimately they decided that it wasn't feasible, it wasn't practical to do so, because applying the new rule would also be applying the option of, there is no good cause issue. You just have five days to file a motion and it will get in. And it's, we don't have a time machine, we can't go back. And so the court in Homewood said, we can't retroactively apply the new rule. And they analyzed the case on different grounds. Counsel? Yes. Justice Shostak talked in terms of prejudice. And she was taking, I believe, as a given or premise that what was done was an error. And I'm submitting that it's possible that the facts in this case are such that you could not determine whether there was any error committed factually. And I say that based upon the fact that the pleadings indicated that the jurisdictional amount of $50,000 or over $50,000 was contained in the pleadings. Which means that there are mixed signals here. Which means that if there's mixed signals, you really are prematurely determining whether or not something is or is not qualified to be filed. And so I'm suggesting to you to respond to my question that relates to, how is this even an error in the first place? Instead of why is there prejudice here when there is insufficient or I should say there's conflicting facts to indicate that on one side, it's not necessarily ready to be filed. And on the other, it is qualified to be filed. Your Honor, I believe I understand the question. The problem with relying on the pleading itself and whether or not that affidavit is required, based upon the language in the complaint, is that type of thought process completely eliminates Rule 222B. It specifically states that in any and all civil action, an affidavit shall be filed with the original complaint. But if we go off of the complaint, small claims complaint, if you file a personal injury small complaint, by jurisdiction it's $10,000 or less. That would mean if the clerk is supposed to know that and apply that as a satisfication of Rule 222B, you would never need one in a small claims case. If you file an arbitration division, it is capped at $50,000 by jurisdiction. If the clerk is supposed to ignore Rule 222B, review the complaint, take the Dovalina analysis on her own, Rule 222B affidavit will never be required in an arbitration division case. Aren't we supposed to construe the Supreme Court rules liberally to promote the resolution of cases on merit? Just on the merits? I mean, so I understand what you're saying, but I think counsel argued that it's her opinion that you, and based upon some case law, you really don't need a 222 affidavit in cases in excess of $50,000, but only below $50,000, I think was her argument. I mean, can't you amend your complaint into the case saying, oh, you know, we discovered that our damages aren't in excess of $50,000, therefore now we're going to lower it, and it then goes to ARB or whatever. So it's like a moving target, these complaints. So again, whether there is a 222 filed, and at that time, and I'm talking about this house, I am not, certainly not making an argument that we don't need Rule 222. What I'm looking at is you have Rule 222, somebody filed it the day after the complaint was filed, how is this going to prejudice anybody other than the plaintiff if we throw the case out of the box? Your Honor, I do not, again, I do not make the argument that there was a prejudice. My argument is that the clerk had the right to reject it, no different than if it was. So then I come back to the question, aren't we supposed to construe the Supreme Court rules liberally? If you don't think there's prejudice, and you're saying a rule is a rule is a rule, aren't we supposed to construe it liberally to make sure that we promote people's rights to proceed? I agree with that, but the decisions are also very clear that the initial analysis of a rule is to look at the plain language of the case and the rules. And Rule 222B is very clear, very concise, and it says that plaintiffs in all actions, all civil actions seeking money, have to file a Rule 222B affidavit with their complaint. Now, I understand what you're saying, and I guess that's the whole reason we're here. But one of the amicus briefs, I think it was a plaintiff's amicus brief, sets out that here the clerk basically found that the complaint was insufficient. Isn't that a legal judgment, one that should be made by the trial judge and not be made by a clerk? Phrased that way, yes, Judge, but that is not what I believe the clerk did. I believe the clerk rejected it and said that the basis has failure to attach the affidavit. That's it? Yes. But now you have this five-day rule. Correct, correct. It's not retroactive, but what do you think the rationale behind that rule was? The rationale behind the rule is to honestly address some of the case law that is applicable to this case, which is there is electronic filing. It was new. There were standards that were set. There were standards that were set through all sorts of lobbying by the amicus brief, the trial, the plaintiff's bar, the defense bar. There were two amendments. And so I believe they're trying to address it, trying to clear it up, making it easier for the courts. And trying to make it fairer for the litigants that their case doesn't get bounced on a small error with respect to filing, correct? Correct. To ameliorate the harshness of the rule, if you will. I do not talk about it as part of the purpose of the amendments. But you don't think we should use the amendment as part of our analysis as we review Judge Barones' discretion? Correct, I do not. And I believe that is supported by the decision in the Homewood case in the Fifth District. If this had been delivered into the clerk's office and a blueback copy or who knows, maybe they don't use bluebacks anymore. But, you know, there were other bluebacks besides just blue, depending on what the pleading was. It's rather arcane. But getting back to the point, what if you had, what if the plaintiff had filed the documentation without this affidavit? Would they have rejected the filing? Sorry, Judge, can you say that again? Assuming arguendo, that the same written pleading that was attempted to be filed was filed inter vivos in the courthouse, in the clerk's office, would it have been rejected and not been staked and filed? I believe it would have and I believe it should have been. I'm sorry? Yes, I do. I believe it would have been. I believe the clerk's office would have reviewed the complaint, whether it was on a computer or in their hand, and reviewed it the same way to try to determine whether or not it complied with Supreme Court rules, local rules, and they would have rejected it. Maybe in the old days? I used to be a runner for a firm. How do you reject a pleading? We used to talk about how you could file a roll of toilet paper, okay, if you paid the filing fee. Now, you may be subject to sanction or worse, but the point is that you can file it. I'm not going to get into an argument about whether or not this could or couldn't have been filed because, in my opinion, almost anything can be filed. I've seen things that are incredibly ridiculous that have been filed that I've had to deal with, both as a trial lawyer and as a judge. The point is that the reason why we're here today is because this wasn't taken into the clerk's office and money wasn't taken into the clerk's office. Money wasn't passed. And if there had been money passed, you're telling me that it's your belief that this would not have been filed with the file stamp indicating that it was timely. Yes, I do, Judge, and I believe that some of the cases cited in Appellant's reply brief actually drive that point home. They cited several cases that stood for the proposition that whatever you drop off and pay for should be filed. Now, in all of these cases, it wasn't a situation that they were being rejected. It was that the clerk sat on it for one week, two weeks, three weeks, and then stamped it later. And the key case cited by Appellant was the lighter case, and the court was critical of the fact that they sat on it for a while, ultimately accepted it, never rejected it, and stamped it the day that they finally accepted it. And in that conversation about the clerk is just supposed to accept, the court actually held that the complaint was delivered in a timely manner. Do you have a citation? Yes, it is 311 L. App III, 321, page 328. And the court said the complaint was delivered in a timely manner with the statutorily required summons and filing fees. And this is where it gets interesting. They go on to say there was no evidence that the complaint or summons failed to meet the requirements of any statute or Supreme Court rule. Further, the clerk did nothing to indicate that it had not accepted the complaint for filing. Then the court went on to say that that was unfair to the plaintiff. If you didn't do any of those things, you didn't find any of these things, you should stamp it the day you received it. This case is different. It did violate a Supreme Court rule, and they notified him. But in this case, no material harm done to the litigants, correct? I know that's not your argument, but isn't that correct? That's correct. And the rule, the basis of the rule is done to protect parties of surprise. Correct. Thank you. Thank you. Ms. Dowd, you may proceed. Thank you, Your Honors. Just a couple of points, and Justice McClaren, your comments about meticulous pleadings you've had to address. I had to defend a pro se complaint for an en banc hearing in the Seventh Circuit, so the administration of justice should rightly strive for adjudications on the merits. In any event, with respect to the amicus brief, I just want to highlight that ITLA and IDC have joined together in this case. They submitted that's the only time they've done that, so the plaintiff's bar and the defense bar submit this is an occurrence that should not have happened. Any substantive deficiencies in complaints should be ruled upon by judges, respectfully, not the clerks, for the reasons we've discussed. And lastly, Justice Mullen, I've been thinking about your repeated inquiry regarding your concern with respect to the abuse of discretion standard. And I am going to go back to my office and search, because I think a Supreme Court, a United States Supreme Court, is not going to do that. The Supreme Court Justice said long ago that when a court errs in its application of the law, that is an abuse of discretion. And that's our position today. We respectfully request a reversal, and again, unless you have any questions, thank you very much for your time. Any questions? Thank you. We'll take the case under advisement. There will be a short recess. We have another case on the call.